**WO**                                                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roman Wroclawski, | ) | No. CV 09-0977-PHX-MHM (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| United States of America, | ) | |
| Respondent. | ) | |

Pending before the Court is Petitioner's Emergency Motion for Stay of Certification of Extraditability and Surrender Order (Emergency Motion) (Doc. # 7). As directed by the Court, Respondent has filed a response (Doc. # 15). The Court also granted Petitioner's request for expedited consideration of the Emergency Motion and scheduled a hearing for 2:30 p.m. on Tuesday May 19, 2009.

The Court will deny the Emergency Motion as moot and permit Petitioner to file a new motion addressing the Court's authority to grant Petitioner's release pending resolution of the underlying habeas corpus petition and, if authorized, whether such release is appropriate.

**I.     Background**

Petitioner is a native of Poland who is now subject to a Certificate of Extraditability (Certificate) entered by Magistrate Judge Michelle H. Burns in CV No. 07-0302M (MHB).

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the finding of probable cause underlying the Certificate. In his Emergency Motion, Petitioner seeks a stay of the Certificate pending the resolution of his habeas corpus petition. The Court ordered an expedited response to the Emergency Motion and set a hearing for Tuesday May 19, 2009 (Doc. # 12).

## II.  Emergency Motion

Petitioner seeks a stay of his extradition pursuant to Rules 1(b) and 11 of the Rules Governing Section 2254 Cases. Petitioner argues that the standard governing preliminary injunctions is applicable in this context and that he has demonstrated a strong likelihood of success on the merits and a threat of irreparable injury (Doc. # 7, citing Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)). Respondent has responded contending that a stay is unnecessary, as 18 U.S.C. § 3188 automatically tolls the Certificate during the pendency of Petitioner's habeas corpus proceeding. See Barrett v. United States, 590 F.2d 624, 626 (6th Cir. 1978). The Court agrees with Respondent that the Certificate is automatically tolled during these proceedings and a stay need not issue.[1] Consequently, the Court will deny Petitioner's Emergency Motion as moot.

## III.  Release Pending Resolution of Habeas Corpus Proceedings

Because Petitioner's request for a stay is moot, the remaining issue is whether he must

---

[1] In his Reply in support of his Emergency Motion, Petitioner contends that a stay of the Certificate would not impose any hardship on Respondent. Petitioner seemingly alleges that despite the fact that the two-month extradition period is tolled during the pendency of these habeas corpus proceedings, a prophylactic stay is necessary. In support, Petitioner points to Matter of Extradition of Atta, which stayed the extraditee's certification of extraditability for thirty days to facilitate the filing of a petition for writ of habeas corpus. 706 F. Supp. 1032, 1052 (E.D.N.Y. 1989). Presumably, a stay would be unnecessary after the filing of the habeas corpus petition because the petitioner's extradition would automatically be tolled. And Petitioner does not identify any reason to grant a stay apart from the lack of harm to Respondent. Consequently, while a stay might be appropriate to provide time for an individual to prepare and file a habeas corpus petition, the Court finds that a stay is not necessary under these circumstances.

- 2 -

be detained pending resolution of his habeas corpus petition. Petitioner is currently scheduled to self surrender to the United States Marshal on Wednesday May 20, 2009. Petitioner did not specifically seek release pending his habeas corpus proceedings, but such request may be inferred by his request for a stay. Respondent contends, however, that Petitioner must remain in custody pursuant to 18 U.S.C. § 3184 while his habeas corpus petition is pending. Respondent further argues that the Court has no discretion to release Petitioner as the statutory language of § 3184 is "not susceptible to interpretation" (Doc. # 15 at 4). But rather than citing applicable case law, Respondent makes general averments regarding statutory construction. And while a reading of § 3184 suggests that the Court has no discretion to release Petitioner pending resolution of his habeas corpus petition, there is case law that states the exact opposite. Indeed, the First Circuit Court of Appeals has made clear that an individual may be entitled to release pending resolution of extradition proceedings under "special circumstances." U.S. v. Williams, 611 F.2d 914 (1st Cir. 1979) (citing Beaulieu v. Hartigan, 554 F.2d 1 (1st Cir. 1977). Nor is there any distinction between pre-hearing or post-hearing release applications. Id.  And Magistrate Judge Burns explicitly determined that special circumstances existed warranting Petitioner's release until this point. There is no argument or evidence regarding whether "special circumstances" still exist that would make Petitioner eligible for release. Consequently, the Court finds that the parties have not adequately briefed this issue and declines to make this determination in the absence of the facts and applicable law.

Petitioner further seeks a stay of the self-surrender order pending briefing on whether Petitioner is entitled to release (Doc. # 16). Because Petitioner has been out of custody for nearly a year without incident, the fact that he is not a flight risk and has been fitted with an electronic monitoring device, and the nonexistent prejudice to Respondent, the Court will grant Petitioner's request for a stay of the self-surrender order pending further briefing (Doc. # 16).

///

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion for Stay of Certification of Extraditability and Surrender Order (Dkt.# 7.) is **denied as moot**.

(2) Petitioner's Emergency Motion for Two-Week Stay of Surrender Order, Continuance of Hearing, and Supplemental Briefing (Dkt.#16.) is **granted** to the extent that Petitioner's self-surrender date is changed from May 20, 2009 to June 4, 2009.

(3) Petitioner's Motion to Expedite Ruling on Motion for Two-Week Stay of Surrender Order (Dkt.# 17.) is **granted**.

(4) Petitioner must file a motion requesting release pending resolution of these habeas corpus proceedings no later than **5:00 p.m. Friday May 22, 2009**.  Respondent may file a response no later than **5:00 p.m. on May 27, 2009** and Petitioner may file a reply no later than **5:00 p.m. May 29, 2009**.

(5) A hearing on Petitioner's forthcoming motion for release will be held at 2:00 p.m. on Thursday June 4, 2009.

DATED this 19th day of May, 2009.

_____
Mary H. Murguia
United States District Judge

- 4 -